IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02630-NYW

United States of America,

    Plaintiff,
v.

16650 JASMINE STREET, BRIGHTON, COLORADO,
2004 TOYOTA SIENNA VAN,
121 ASSORTED MARIJUANA GROW EQUIPMENT,
242 ASSORTED MARIJUANA GROW EQUIPMENT,
283 ASSORTED MARIJUANA GROW EQUIPMENT,

    Defendants.

---

RECOMMENDATION REGARDING MOTION FOR DEFAULT AND FINAL ORDER OF
FORFEITURE AS TO DEFENDANTS 242 AND 283 MARIJUANA GROW EQUIPMENT

---

Magistrate Judge Nina Y. Wang

    This matter comes before the court on the United States of America's ("United States") Motion for Default and Final Order of Forfeiture as to Defendants 242 Assorted Marijuana Grow Equipment and 283 Assorted Marijuana Grow Equipment (the "Motion"). [#22, filed February 26, 2015]. The Motion was referred to this Magistrate Judge pursuant to the Order of Reference dated March 2, 2015 [#25] and memorandum dated March 2, 2015 [#26]. I respectfully RECOMMEND that the Motion be GRANTED.

    On September 23, 2014, the United States commenced this action *in rem* pursuant to 21 U.S.C. § 881. All known interested parties have been provided an opportunity to respond and publication has been effected as required by Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. [#15]. After proper notice, neither the known potential claimants, nor any other third party, has filed a Claim or Answer as to Defendants 242 and 283 Marijuana Grow Equipment as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. On February 17, 2015, the Clerk of the Court entered default as to Defendants 242 and 283 Marijuana Growth Equipment. [#20].

In *United States v. One Hundred Forty-Nine Thousand Four Hundred Forty-Two Dollars and 43/100 Dollars ($149,442.43) in United States Currency*, 965 F.2d 868 (10th Cir. 1992), the Tenth Circuit Court of Appeals held:

> A forfeiture proceeding is an *in rem* proceeding brought against the property seized pursuant to the legal fiction that the property itself is guilty of a crime or is proceeds of a crime. In forfeiture proceedings, the government bears the initial burden to show probable cause for the institution of the forfeiture action. Once probable cause has been established, the claimant bears the burden of proving that the requested forfeiture does not fall within the four corners of the statute. If no such rebuttal is made, a showing of probable cause alone will support a judgment of forfeiture.
>
> * * *
>
> The test for determining probable cause for forfeiture purposes is the same as applies in arrests, searches and seizures. Accordingly the government must demonstrate a reasonable ground for belief of guilt supported by less than prima facie proof, but more than mere suspicion.  Circumstantial evidence of drug transactions may support the establishment of probable cause. However, the presence or absence of any single factor is not dispositive.

Based upon the facts and verification set forth in the Verified Complaint, it appears by a preponderance of the evidence that there was reasonable cause for the seizure of Defendants 242 and 283 Marijuana Grow Equipment.  Accordingly,

I respectfully RECOMMEND that:

(1)   The Motion be GRANTED;

(2)   Default and forfeiture of Defendants 242 and 283 Marijuana Grow Equipment, including all right, title, and interest be entered in favor of the United States pursuant to 21 U.S.C. § 881;

(3)   This Default Judgment and Final Order of Forfeiture shall serve as a Certificate of Reasonable Cause under 28 U.S.C. § 2465. [1]

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

Dated: March 23, 2015 BY THE COURT:

                                          s/Nina Y. Wang
                                          United States Magistrate Judge

---

72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).